**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 07-62** |
| | : | |
| **ABDUL MUHAMMED a/k/a Abdul Muhammud** | : | |

**MEMORANDUM OPINION**

**Savage, J.** **August 19, 2009**

The defendant, Abdul Muhammed, who pled guilty to conspiracy to distribute controlled substances,[1] possession of a firearm in furtherance of a drug crime[2] and possession of a firearm by a convicted felon,[3] has filed a *pro se* motion under 28 U.S.C. § 2255, alleging numerous instances of ineffectiveness of counsel.[4] The government seeks dismissal of the motion because the defendant waived his appellate rights, including the right to collaterally attack his sentence, in his plea agreement entered pursuant to Fed. R. Crim. P. 11(c)(1)(c). The defendant counters that his guilty plea was coerced by his attorney and entered under duress. Thus, he contends the appellate waiver was involuntary and unknowing.

Having presided over the defendant's guilty plea colloquy and sentencing hearing,

---

[1] 21 U.S.C.§ 846.

[2] 18 U.S.C.§ 924(c).

[3] 18 U.S.C.§ 922(g)(1).

[4] He claims that defense counsel waived the defendant's speedy trial rights, did not properly investigate his two prior convictions that were used as predicate offenses for designating him a career offender, failed to object to the career offender enhancement at sentencing, failed to object to the counting of the drug quantities at sentencing, withdrew a motion to suppress physical evidence without the defendant's knowledge, and failed to argue for a downward departure because the defendant's criminal history was over-represented. (Document No. 56)

and after carefully reviewing his motion and his reply to the government's motion to dismiss in light of the record, I conclude that the defendant knowingly and voluntarily waived the right to collaterally attack his sentence, and upholding the waiver will not result in a miscarriage of justice. Therefore, the defendant's motion will be dismissed.

## Procedural History

Pursuant to a written plea agreement, the defendant entered a guilty plea under Fed. R. Crim. P. 11(c)(1)(C). The plea agreement included a waiver of appellate rights, including a waiver of his right to pursue a collateral attack through a habeas motion to vacate, set aside or modify his sentence. The defendant limited his right to appeal to four instances. He reserved the right to appeal only if the government appealed, his sentence exceeded the statutory maximum, the sentencing judge erroneously departed upward from the sentencing guideline range or imposed an unreasonable sentence above the guideline range.

On June 24, 2008, the defendant was sentenced to the agreed 90 months imprisonment. He did not file an appeal with the Third Circuit Court of Appeals. On May 13, 2009, he filed his *pro se* motion under 28 U.S.C. § 2255. The government filed a motion to dismiss the defendant's motion, raising the appellate waiver in the plea agreement. Without addressing the merits of the defendant's § 2255 claims, I shall consider the motion to dismiss.

## The Appellate Waiver

Appellate waivers are valid and enforceable if entered knowingly and voluntarily, and enforcing them will not work a miscarriage of justice. *United States v. Khattak*, 273 F.3d

557, 558 (3d Cir. 2001). A waiver of appeal includes relinquishing "the opportunity to challenge the sentence imposed, regardless of the merits." *Id*. at 561.

A waiver may be invalidated in the unusual circumstance where an error amounts to a miscarriage of justice. *Id*. at 561-62. Analyzing whether an appellate waiver should be set aside to avoid a potential miscarriage of justice, the court considers a number of factors, including "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id* at 563. These factors are not exhaustive, but are offered as "some guidelines." *Id*. The court must "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." *United States v. Mabry*, 536 F.3d 231, 243 (3d Cir. 2008).

In his motion, the defendant contends that he entered the plea agreement only because his attorney forced him to take it. He claims he did not fully comprehend the meaning and consequences of pleading guilty generally and of waiving his appellate rights specifically.

To ensure that an appellate waiver is knowing and voluntary, the judge must inform the defendant of the plea agreement provisions waiving the right to appeal or collaterally attack a sentence, and determine that the defendant understands the waiver. *Khattak*, 273 F.3d at 560. The defendant was so advised during the guilty plea colloquy.

The defendant's statements and representations at the change of plea hearing contradict his current contention that he was unaware of the effect of his plea and waiver.

He was specifically advised of his appellate rights and his right to collaterally attack his sentence by a habeas petition. He acknowledged that he had these rights and was relinquishing them. He confirmed repeatedly that his decision to plead guilty was voluntary and he was pleading guilty of his own free will. He denied that anyone threatened him or forced him to plead guilty. He also stated that he was satisfied with his attorney's representation. At no time during the guilty plea colloquy did he exhibit any reluctance to go forward or a lack of understanding of what he was giving up by pleading guilty. In fact, at the conclusion of the colloquy and before the plea was accepted, the defendant was asked what he wanted to do. In response, he clearly stated, "I don't want to go to trial. I'll accept the plea agreement." He expressed his desire to plead guilty "to what [Assistant United States Attorney] said I did and that the plea agreement should be accepted."

To support his present claim that he did not comprehend that he was giving up his rights when he entered into the plea agreement, the defendant points to the report of Dr. Barber who examined him for the purpose of opining on his competency to have consented to a search of his vehicle. Dr. Barber's testing revealed that the defendant's intellectual capacity was within the average range. Indeed, the defendant's *pro se* submissions demonstrate that he is capable of not only understanding the concepts surrounding his legal proceedings but also the ability to articulate them. Just as he does now, the defendant clearly understood his legal rights at the change of plea hearing and the sentencing proceeding.

Prior to accepting the plea, I found that the defendant's willingness to enter a guilty plea was voluntary and he had a full understanding of his right to go to trial. Thus, the defendant's appellate waiver was knowing and voluntary.

Justice will not be compromised by enforcing the waiver. The defendant admitted to the facts establishing the elements of each of the offenses to which he pled guilty. The sentence imposed was what he agreed was appropriate.

The defendant was sentenced to 90 months, a sentence substantially below the applicable range of 262 to 327 months. By entering the plea agreement, he avoided career offender status. At the close of the sentencing hearing, the defense attorney advised the defendant of his appellate rights, including the appellate waiver. The defendant raised no objection at that time.

Because the waiver was knowing and voluntary, it will be enforced. The government did not appeal the sentence, the sentence was what the defendant had agreed to accept and did not exceed the statutory maximum sentence. The defendant has not offered nor do I find any circumstances that would result in a miscarriage of justice by enforcing the waiver. Therefore, the waiver will be upheld.

**Conclusion**

The defendant's appellate waiver was knowing and voluntary, and enforcing it will not work a miscarriage of justice. Therefore, the government's motion to dismiss will be granted.