IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 07-62 |
| ABDUL MUHAMMED a/k/a<br>Abdul Muhammud | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                               **April 6, 2011**

On June 24, 2008, pursuant to a guilty plea agreement under Fed. R. Crim. P. 11(c)(1)(C), the defendant was sentenced to the agreed 90 months imprisonment. He did not file an appeal with the Third Circuit Court of Appeals. His *pro se* motion under 28 U.S.C. § 2255 was dismissed because he had waived his right to file an appeal, including a § 2255 motion. He now challenges his sentence in a motion characterized as one under 28 U.S.C. § 2201.

In his present motion, the defendant contends he should have received credit on his prison sentence for the time he spent on house arrest while on bail. He does not argue that the sentence was illegal or that it was not properly executed. His argument is that the sentence was improperly computed.

A sentence is computed by the Bureau of Prisons on behalf of the Attorney General. Consequently, because he is challenging his detention, a prisoner must present his claim in the form of a motion for habeas corpus relief under 28 U.S.C. § 2241. *See, Edwards v. United States*, 41 F.3d 154, 155 (3d Cir. 1994). He can only do that after exhausting his administrative remedies with the Bureau of Prisons.

A writ of habeas corpus under § 2241 may be granted only by the district court

having jurisdiction over the prisoner. That is the district where the prisoner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004); *Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994). The defendant is confined in White Deer, Pennsylvania, which is located in the Middle District of Pennsylvania. Therefore, the motion will be dismissed for lack of jurisdiction.[1]

---

[1] Dismissal is without prejudice to the defendant's filing a motion under 28 U.S.C. § 2241 in the Middle District of Pennsylvania after exhausting his administrative remedies.